IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFEWAY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| ERIE INSURANCE EXCHANGE | ) |
| 100 Erie Insurance Place | ) |
| Erie, Pennsylvania 16530 | ) |
| | ) |
| Serve on: | ) |
| Resident Agency | ) |
| Therese M. Goldsmith, Commissioner | ) |
| c/o Maryland Insurance Administration | ) |
| 200 St. Paul Place, Suite 2700 | ) |
| Baltimore, Maryland 21202 | ) |
| | ) |
| ERIE INSURANCE PROPERTY | ) |
| & CASUALTY COMPANY | ) |
| 100 Erie Insurance Place | ) |
| Erie, Pennsylvania 16530 | ) |
| | ) |
| Serve on: | ) |
| Resident Agency | ) |
| Therese M. Goldsmith, Commissioner | ) |
| c/o Maryland Insurance Administration | ) |
| 200 St. Paul Place, Suite 2700 | ) |
| Baltimore, Maryland 21202 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT

Plaintiff Safeway, Inc. (hereinafter "Safeway"), by and through its attorneys Justin M. Cuniff and Setliff & Holland, P.C., and pursuant to 28 U.S.C. §§ 1332(a), 2201 and 2202, hereby files this Complaint for Declaratory Judgment and Breach of Contract against Defendants Erie

Insurance Exchange and Erie Insurance Property & Casualty Company (hereinafter collectively referred to as "Erie Insurance") and for grounds states:

## INTRODUCTION

1. Safeway brings this Complaint for Declaratory Judgment and Breach of Contract seeking a declaration of the obligations of Erie Insurance under insurance policies it issued in which Safeway was expressly named as, and contractually deemed, an additional insured party.

## PARTIES

2. Plaintiff Safeway is, and at all times relevant to this Complaint has been, a corporation organized under the laws of the State of Delaware with its principal place of business in California.

3. Defendants Erie Insurance Exchange and Erie Insurance Property & Casualty Company are, and at all times relevant to this Complaint have been, corporations residing in Pennsylvania and conducting business within Washington, D.C.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 2201. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the controversy is between citizens of different American states.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(a), (c), and (d). Venue is also appropriate because the incident giving rise to the insurance claim at the heart of this dispute occurred in Washington, D.C., and all of the parties conduct business in Washington, D.C.

6. This Court has personal jurisdiction over Erie Insurance because Erie Insurance regularly and systematically conducts business within the District of Columbia.

## **STATEMENT OF FACTS**

### *A. Underlying Complaint*

7. On September 27, 2013, Georgia Harris, by and through her counsel, filed a Complaint against Safeway and Total Refrigeration, L.L.C. (hereinafter "Total Refrigeration"), in the Superior Court of the District of Columbia, Civil Division (*Harris v. Safeway, et al.*, Case No. 2013 CA 006576 B) (hereinafter "*Harris* action"), alleging that she sustained injuries on June 13, 2011, when she slipped and fell in a puddle of water adjacent to refrigeration equipment being repaired by Total Refrigeration in Safeway Store No. 1445 located at 2845 Alabama Avenue, S.E., Washington, DC, 20020, (hereinafter "Store No. 1445"). *See Harris* Complaint, ¶ 15, attached hereto as Exhibit 1.

8. With regard to Defendant Total Refrigeration, the Complaint in the *Harris* action alleges that "Defendant Total Refrigeration conducted repair work to Defendant Safeway's refrigeration unit for approximately two (2) hours on June 13, 2011." *Id.* at ¶ 16.

9. The Complaint also alleges that Total Refrigeration failed "to perform its repair work on the premises in a safe [and] reasonable manner without creating a foreseeable risk of harm...." *Id.* at ¶ 21. The Complaint further contends that Total Refrigeration "negligently allowed water to enter into the isle [sic] where Plaintiff entered on Defendant's Safeway's premises." *Id.* at ¶ 23.

10. In Safeway's Answer and Affirmative Defenses filed in the Superior Court of the District of Columbia on November 12, 2013, Safeway denied all liability for the alleged incident and any damages claimed. However, to the extent that any water or hazardous or dangerous condition existed, Safeway alleged that the condition was a result of Total Refrigeration's failure to properly service and maintain the refrigeration unit at Store No. 1445 and its concomitant

failure to maintain the area in which its technician was working in an orderly condition in the performance of its service on the refrigeration unit.

11. Records maintained by Safeway indicate that Total Refrigeration, at the precise time of Ms. Harris's fall, was in the performance of ongoing operations to repair the refrigeration unit of a meat case directly adjacent to the location of the puddle which allegedly caused Ms. Harris's fall.

12. On December 30, 2013, Safeway filed a cross-claim in the *Harris* action in the Superior Court of the District of Columbia which claimed that Total Refrigeration had negligently serviced its refrigeration unit, causing water to leak onto the floor which, ultimately, resulted in Ms. Harris's fall and injuries. *See* Safeway, Inc.'s Crossclaim Against Total Refrigeration Services, L.L.C. (hereinafter "Crossclaim"), attached hereto as Exhibit 2. Safeway also alleged that, pursuant to contractual agreements between Safeway and Total Refrigeration, Total Refrigeration had agreed to indemnify, defend, save and hold harmless Safeway for claims made by third parties, like the *Harris* action, from any act or omission by Total Refrigeration in the performance of its obligations.

### B. Applicable Contractual Agreements and Insurance Policies

13. On or about June 19, 2009, Safeway and Total Refrigeration entered into a "Standard Refrigeration and HVAC Service Contract (Agreement)" (hereinafter "Refrigeration Agreement") in which Total Refrigeration agreed to "service, repair, maintain, and perform preventative maintenance" on all equipment considered to be part of the Refrigeration and HVAC systems at various Safeway stores including Safeway Store No. 1445. *See* Agreement, attached hereto as Exhibit 3, at p. 1.

14. The Refrigeration Agreement entered into between Safeway and Total Refrigeration contains the following insurance provision obligating Total Refrigeration to maintain Commercial General Liability coverage and specifically requiring that:

2) **<u>Insurance Requirements for Service Provider</u>**

    B) ii) Coverage shall:
        a) By "Additional Insured" endorsement add as insured SAFEWAY INC, and any of its subsidiaries, partnerships, its directors, officers, agents, and employees with respect to the liability arising out of the work performed by or for the Contractor.
        b) Be endorsed to specify that the Contractor's insurance is primary and that any insurance or self-insurance maintained by SAFEWAY INC, shall not contribute with it.

15. The Refrigeration Agreement expressly required that Total Refrigeration name Safeway as an Additional Insured on its Commercial General Liability insurance coverage. During all relevant periods, the Refrigeration Agreement was valid and enforceable.

16. In connection with its obligation to provide insurance coverage to Safeway, Total Refrigeration maintained a commercial general liability insurance policy with Defendant Erie Insurance. The coverage includes a period from February 2, 2011 to February 2, 2012, and includes the "Ultraflex Package Policy" (Policy No. Q38-0250453) (hereinafter "Erie Insurance Policy"), under which Safeway is contractually deemed an Additional Insured. Specifically, the Erie "Ultraflex" Policy contains an endorsement which states in pertinent part:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

    **A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage," or "personal and advertising injury"....

17. Upon information and belief, Safeway is also expressly named as an Additional Insured in the certificates accompanying the Erie Insurance Policy.

18. Total Refrigeration paid the premiums on the Erie Insurance Policy.

19. The aforementioned Erie Insurance Policy provided liability coverage for claims alleging bodily injury and occurring during the policy period. During all relevant periods, the Erie Insurance Policy was valid and enforceable.

20. The terms and provisions of the Erie Insurance Policy require that Erie Insurance defend and indemnify Safeway with respect to all claims asserting bodily injury resulting from work conducted by Total Refrigeration, including but not limited to the *Harris* action.

### C. Safeway's Requests for Defense and Indemnification

21. On December 6, 2011, Safeway notified Total Refrigeration of the allegations made by Ms. Harris and requested that Total Refrigeration place its "liability carrier on notice concerning the incident." In its letter, Safeway also advised Total Refrigeration that pursuant to the terms of the Refrigeration Agreement, Total Refrigeration was "required to purchase liability insurance naming Safeway as an additional insured under its policy" and that Total Refrigeration had "further agree[d] to indemnify and hold harmless Safeway with regard to any liability."

22. By letter to Safeway dated September 28, 2012, Erie Insurance acknowledged that it was aware of Ms. Harris's pending claims against Safeway and indicated that an Erie Insurance representative had been in contact with Ms. Harris's attorney.

23. Counsel for Safeway has repeatedly contacted both Total Refrigeration and Erie Insurance in order to demand the provision of defense and indemnification pursuant to the

Refrigeration Agreement and the Erie Insurance Policy. To date, Total Refrigeration and Erie Insurance have neither denied nor accepted Safeway's tenders in the *Harris* action.

24. Erie Insurance has not honored the terms and conditions of its obligation to insure Safeway pursuant to the terms of the Erie Insurance Policies, which names Safeway as an Additional Insured. Erie Insurance has neither provided a defense for Safeway in the pending *Harris* action nor responded to Safeway's requests for indemnification.

25. Upon information and belief, Erie Insurance has appointed counsel for the defense of Total Refrigeration in the *Harris* action.

26. Safeway has been forced to incur costs for investigation and defense in the *Harris* action that should have been paid by Erie Insurance.

27. Safeway has participated in multiple settlement discussions with Plaintiff's counsel and counsel for Total Refrigeration, including a conversation on June 5, 2014, in which counsel for Total Refrigeration confirmed that he had relayed the ongoing settlement discussions to Mr. William Sennett of Erie Insurance and that Total Refrigeration's participation in settlement, if any, would be determined by Mr. Sennett. After providing notice to Total Refrigeration of Safeway's intention to settle and repeatedly requesting Total Refrigeration's participation in the ongoing settlement discussions with Plaintiff's counsel, Safeway negotiated a settlement agreement with Ms. Harris, which has not yet been finalized, in which she agrees to release Safeway from all liability related to her claims.

28. The *Harris* action is still pending in the Superior Court of the District of Columbia, Civil Division, and Safeway continues to seek indemnification and contribution from Total Refrigeration through its Crossclaim in that action.

29. Erie Insurance has not responded in writing to Safeway's tender of this claim.

## COUNT I - DECLARATORY JUDGMENT

30. Safeway incorporates paragraphs 1 through 29 as if fully set forth herein.

31. The incident which provides the basis of the *Harris* action was caused by an "occurrence" during the term covered by the Erie Insurance Policy.

32. Safeway's defense and pending settlement of the Plaintiff's claim and lawsuit resulted from the refusal of Total Refrigeration and Erie Insurance to accept Safeway's tender of the defense of the claim and subsequent lawsuit.

33. Safeway contends that, under the terms of the Erie Insurance Policy, Erie Insurance is obligated to reimburse Safeway for the costs incurred in defending against the *Harris* action, the amount paid in settlement to Ms. Harris, and all related legal fees, including all legal fees accrued in this declaratory judgment action.

34. Safeway further contends that, as an additional named insured under the Erie Insurance Policy purchased by Total Refrigeration, Erie Insurance is legally obligated to provide defense and indemnification for Safeway in the *Harris* action.

35. Not only has Erie Insurance failed to provide defense and indemnification to Safeway, but Erie Insurance has also failed to respond to Safeway's repeated requests for these actions.

36. Safeway has no adequate remedy at law.

37. A ripe and justiciable controversy exists between Safeway and Erie Insurance regarding Erie Insurance's obligations under the Refrigeration Agreement and the Erie Insurance Policies.

38. By reason of the foregoing, an actual controversy exists between the parties which requires a declaratory judgment of this honorable Court as to Erie Insurance's obligations under the terms of the applicable policies.

**WHEREFORE**, Plaintiff Safeway requests the entry of a judgment declaring that:

(1) Safeway is covered under the terms of the Erie Insurance Policy maintained by Total Refrigeration as an Additional Insured;

(2) In failing to respond to Safeway's numerous attempts to tender, Erie Insurance has acquiesced to the pending settlement agreement entered into between Safeway and Ms. Harris and is legally obligated to indemnify Safeway for the full amount of the settlement agreement;

(3) In failing to provide a defense for Safeway in the *Harris* action, Erie Insurance is obligated to reimburse Safeway for all associated legal fees and other costs incurred in defending against and settling that action; and

(4) In failing to respond to Safeway's numerous attempts to tender, Erie Insurance is required to reimburse Safeway for all costs and attorneys' fees incurred in order to secure a defense and indemnification, including fees incurred in bringing this declaratory judgment action; and

(5) all other such relief as is just and equitable.

## COUNT II - BREACH OF CONTRACT

39. Safeway incorporates paragraphs 1 through 38 as if fully set forth herein.

40. Under the terms of the Erie Insurance Policy, Erie Insurance has a contractual obligation and duty to provide Safeway with a defense in the *Harris* action.

41. Erie Insurance breached the contractual agreements in the Erie Insurance Policy by failing to defend or indemnify Safeway in the *Harris* action.

42. As a result of this contractual breach, Erie Insurance is obligated to reimburse Safeway for settlement in the *Harris* action, in addition to all associated legal fees and other costs incurred in defending against and settling that action.

**WHEREFORE**, Plaintiff Safeway requests the entry of a judgment in its favor against Erie Insurance in such amount as the Court deems appropriate plus pre-judgment interest, costs, and such further relief as the Court deems appropriate.

Respectfully submitted,

SETLIFF & HOLLAND, P.C.

/s/
―――――――――――――
Justin M. Cuniff (No.499196)
SETLIFF & HOLLAND, P.C.
One Park Place, Suite 265
Annapolis, Maryland 21401-3539
Telephone: (443) 837-6807
Facsimile: (443) 837-6808
jcuniff@setliffholland.com

*Counsel for Plaintiff Safeway, Inc.*